**This document was signed electronically on May 17, 2010,**
**which may be different from its entry on the record.**

**IT IS SO ORDERED.**



_Pat E. Morgenstern-Clarren_ (signature)

**Dated: May 17, 2010**

**Pat E. Morgenstern-Clarren**
**United States Bankruptcy Judge**

# United States Bankruptcy Court
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re:     Jeffery Allen Daniel, Sr. <br> Lynn Marie Daniel <br> Debtors | )   Chapter 13 Case No. 10-11122-M <br> )   Hon. Pat E. Morgenstern-Clarren <br> ) |

### CONFIRMATION ORDER

The Chapter 13 plan in this case came on for confirmation at a hearing before the Court. **A copy of such Plan, together with any applicable amendments or modifications (the "Plan"), is attached to this Order.** Based upon the papers filed in this case, information presented by the Standing Chapter 13 Trustee (the "Trustee") and such other matters, if any, presented by the debtor (or the debtors in a joint case) (the "Debtor"), Debtor's counsel, any objector or any other interested party, the Court finds that:

1. Notice of the confirmation hearing was duly given.
2. The Plan complies with applicable requirements of sections 1322 and 1325 of the Bankruptcy Code.

IT IS THEREFORE ORDERED THAT:

1. The Plan is confirmed.
2. The Debtors shall, until further order of the Court, make the periodic payments called for in the Plan to the Trustee. Except as otherwise permitted, such payments shall be made pursuant to order of the Court on the Debtors' employer.
3. Secured creditors shall retain their liens. If this case is either dismissed or converted to a Chapter 7 case, the property vesting in the Debtors by reason of this confirmation order shall remain subject to the liens existing at the time of the filing of the case subject to adjustments in respect of amounts paid under the Plan.
4. The Debtors shall not incur additional debt exceeding $500 in the aggregate without notice to the Trustee and the approval of the Court.
5. The Debtors shall not transfer any interest in real property without the Court's approval.
6. The attorney for the Debtors is allowed a total fee of $**\_\_\_\_, of which $**\_\_\_\_ has been paid. The balance of $**\_\_\_ shall be paid by the Trustee from the monies received under the Debtors' Plan at the rate of one-twelfth of the balance due per month during the first year of the Plan.
7. The administrative expenses of the Trustee shall be paid in full pursuant to sections 503(b) and 1326(b)(2) of the Bankruptcy Code and 28 U.S.C. § 586(e)(1)(B).

By submitting this form, the Chapter 13 Trustee certifies that the wording of this form is identical in all respects to the official form.

**\*\* The Rights and Responsibilities has not been filed. A Fee Application is required, pursuant to Administrative Order No. 07-02.**

Submitted by:
/S/ Craig Shopneck
CRAIG SHOPNECK (#0009552)
Chapter 13 Trustee
200 Public Square, BP Tower Suite 3860
Cleveland OH 44114-2321
Phone (216) 621-4268          Fax (216) 621-4806
Ch13shopneck@ch13cleve.com

## SERVICE LIST

Craig Shopneck, Chapter 13 Trustee

Office of the U.S. Trustee (served via ECF)

Richard H Nemeth, Attorney for Debtors (served via ECF)

Lynn Marie Daniel & Jeffery Allen Daniel, Sr., Debtors
3918 E. 189th St
Cleveland OH 44122

CS/bas
05/14/10

\#\#\#

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION (CLEVELAND)

In Re:

| | |
|---|---|
| **Jeffrey Allen Daniel, Sr.** and **Lynn Marie Daniel,** Debtor(s). | ) Chapter 13 Case No.: 10-11122M <br> ) <br> ) Judge: Pat E. Morgenstern-Clarren <br> ) <br> ) • Original Chapter 13 Plan <br> ) • ~~Modified~~ Amended Chapter 13 Plan, dated 3/15/10 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOTICE:   (Check One)
- This plan **DOES NOT** include any provision deviating from the uniform plan in effect at the time of the filing of this case.

- This plan **DOES** contain special provisions that must be and are set forth in paragraph 11 below.

**YOUR RIGHTS WILL BE AFFECTED.** You should read this plan carefully and discuss it with your attorney. Anyone who wishes to oppose any provision of this plan must file with the court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the court in order to receive distributions under this plan.**

## 1. PAYMENTS
**A.**    Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors ("Debtor") shall commence making payments to the Chapter 13 Trustee (the "Trustee") in the amount of **$1,000.00** per month (the "Plan Payment").

**B.**    The Plan Payment shall include sufficient funds to cover conduit payments and pre-confirmation adequate protection payments paid by the Trustee. Trustee may increase the Plan Payment during the term of the plan as necessary to reflect increases, if any, in any Conduit Payments paid by the Trustee.

## 2. DISTRIBUTIONS
**A.**    After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) conduit payments as provided for in paragraph 3(C); (iv) monthly payments as provided for in paragraphs 3(A), 3(B), 4(A), 4(B) and 9; (v) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (vi) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vii) general unsecured claims.

**B.**    If the Trustee has received insufficient funds from the Debtor to make the conduit payment, the Trustee may accumulate funds until sufficient funds are available for distribution of a full monthly payment. If the Trustee has received insufficient funds from the Debtor to make the fixed monthly payment to secured creditors in subsection A (iv) of this paragraph, the Trustee may pay these secured creditor claims on a pro-rata basis.

**C.**    Unless a claim objection is sustained, a motion to value collateral or to avoid a lien is granted, or the court otherwise orders, distributions on account of claims in paragraphs 3(A), 3(C), 4(A), 5, 6, 7 and 9 will be based upon the classification and amount stated in each claim holder's proof of claim rather than any classification or amount stated in this plan.

## 3. CLAIMS SECURED BY REAL PROPERTY

### A. Mortgage Arrearages and Real Estate Tax Arrearages

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages. Note: If the Trustee will not be making the continuing mortgage payments, the Debtor is responsible for paying all post-petition mortgage payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim Claim | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| **Third Federal Bank** | **3918 E. 189th St. Cleveland, OH 44122 (residence)** | **$3,794.00** | **Prorata** |

### B. Other Real Estate Claims

Trustee shall pay the monthly payment amount to creditors up to the amount specified below to be paid through the plan. The portion of any allowed claim that exceeds the amount to be paid through the plan shall be treated as an unsecured claim.

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| **None.** | | | | |

### C. Conduit Payments

Trustee shall pay the regular monthly mortgage payments beginning with the first payment due after the filing of the case, subject to changes due to escrow, interest and other adjustments. Note: If the Trustee is making the continuing monthly mortgage payments, the mortgage creditor must also be listed in paragraph 3(A) above. Unless real estate taxes and insurance are included in the mortgage payments to be paid by the Trustee pursuant to the Plan, the Debtor shall remain responsible for paying those obligations as they become due.

| Creditor | Property Address | Monthly Payment (Paid by Trustee) | For each mortgage listed, indicate with a "yes" or "no" if the mortgage payment includes: Property Insurance | Real Estate Taxes |
|---|---|---|---|---|
| **Third Federal Bank** | **3918 E. 189th St. Cleveland, OH 44122 (residence)** | **$542.00** | **No.** | **Yes.** |

### 4. CLAIMS SECURED BY PERSONAL PROPERTY
### A. Secured Claims to be Paid in Full Through the Plan:
Trustee shall pay the following claims in full and in equal monthly payments.

Estimated

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| Grand Auto Sales | 1986 Mercedes | $800.00 | 4.5% | $400.00 |

**B.  Secured Claims NOT to be Paid in Full Through the Plan:**
Claims specified below are debts secured by personal property not provided for in paragraph 4(A) above.  Trustee shall pay the allowed claims the secured amount with interest and in equal monthly payments as specified below.  The portion of any allowed claim that exceeds the secured amount will be treated as an unsecured claim.  Upon confirmation, the secured amount and interest rate specified below, or as modified, will be binding under 11 U.S.C. §1327 unless a timely written objection to confirmation is filed and sustained by the court.

| Creditor | Collateral Description | Secured Amount | Interest Rate | Monthly Payment Paid by Trustee) |
|---|---|---|---|---|
| None. | | | | |

**C.  Pre-confirmation Adequate Protection Payments:**
Trustee shall pay the monthly payment amount to creditors for pre-confirmation adequate protection as specified below.

| Creditor | Collateral Description | Monthly Payment (Paid by Trustee) |
|---|---|---|
| Grand Auto Sales | 1986 Mercedes | $400.00 |

**5. DOMESTIC SUPPORT OBLIGATIONS**
Debtor  • does    • does not      have domestic support obligations under 11 U.S.C. §101(14A).

**A.**    Trustee shall pay under 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations.  Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|
| | | |

**B.**    Specify the holder(s) of any claims for domestic support obligations under 11 U.S.C. §1302(d) if different than the creditor(s) shown in paragraph 5(A) above.  If the holder of a claim is a minor, the name and address of the

minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| Holder Name | Address & Telephone |
|---|---|

**None.**

## 6. OTHER PRIORITY CLAIMS
Trustee shall pay under 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Estimated Claim Amount |
|---|---|

**None.**

## 7. GENERAL UNSECURED CLAIMS
Debtor estimates the total of the non-priority unsecured debt to be **$ 14,955.82** Trustee will pay to creditors with allowed non-priority unsecured claims a pro-rata share of **$14,955.82** or **100 %** whichever is greater.

## 8. PROPERTY TO BE SURRENDERED
Debtor surrenders the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the court.

| Creditor | Property Description |
|---|---|

**None.**

## 9. EXECUTORY CONTRACTS AND UNEXPIRED LEASES
All executory contracts and unexpired leases are rejected except the following, which are assumed. Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages. Debtor shall pay all post-petition payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Description | Arrearage Claim | Estimated Monthly Payment (Paid by Trustee) |
|---|---|---|---|

**None.**

## 10. OTHER PLAN PROVISIONS

(a)  Property of the estate shall revest in the Debtor ☐ upon confirmation. ■ upon discharge, dismissal or completion.   If the Debtor has not marked one of the boxes, property of the estate shall revest in the Debtor upon confirmation.  If the Debtor has elected to have property of the estate revest in the Debtor upon discharge or dismissal, the Debtor must maintain adequate insurance of all property in the estate.  Unless otherwise ordered, the Debtor shall remain in possession of all property of the estate during the pendency of this case.

(b)  The treatment of the claims of creditors as set forth in this plan shall become absolute upon confirmation, under 11 U.S.C. §1327.  Therefore, if a creditor or contract party named herein objects to this plan, including the valuation of security, interest to be paid, and the treatment of executory contracts and unexpired leases, a formal objection to confirmation must be timely filed with the court.

(c)  This plan incorporates 11 U.S.C. §1325(a)(5)(B)(i) with respect to each allowed secured claim provided for by this plan.

(d)  Notwithstanding the automatic stay, creditors and lessors provided for in paragraphs 3(A), 3(C), and 9 of this plan may continue to mail customary notices or coupons to the Debtor.

## 11. SPECIAL PROVISIONS
This plan shall include the provisions set forth in the boxed area below. **Note: The provisions set forth below will not be effective unless there is a check in the second *notice box* preceding paragraph 1.**  Further, these provisions should not contain a restatement of the Bankruptcy Code, Federal Rules of Bankruptcy Procedures, Local Bankruptcy Rules or case law.

A. <u>Release of vehicle lien</u>.  Immediately upon discharge or payment of its allowed claim pursuant to non-bankruptcy law, Grand Auto Sales shall note on the certificate of title for the vehicle securing its claim that the lien has been satisfied and is released, and shall return the certificate of title to debtors, so noted, forthwith.

B. <u>In the event collateral is surrendered after confirmation of plan, deficiency balance to be treated as general unsecured claim</u>.  In the event collateral addressed by Articles 3 or 4 of this plan is surrendered, voluntarily or involuntarily, to secured creditor(s) after confirmation of the plan, the trustee shall discontinue disbursements on allowed secured claims secured with the subject collateral upon notice of the surrender, and deficiency balance claims shall only be allowed after the collateral is sold in accordance with non-bankruptcy law and the proceeds applied to the claims of said secured creditors and a new or amended claim is then filed for the remaining deficiency balance.  All such deficiency balance claims shall be allowed as general unsecured claims only.

C. <u>Treatment of late filed general unsecured claims</u>.  Allowed late filed priority or general unsecured claims to which the debtors file an objection shall be paid a dividend of 0% and shall be discharged upon completion of the Plan.


/s/ Jeffrey Allen Daniel, Sr              /s/ Lynn Marie Daniel
Jeffrey Allen Daniel, Sr.                 Lynne Marie Daniel

Date: 3/15/10                             /s/ Richard H. Nemeth

Effective: August 10, 2009

Richard H. Nemeth
*Attorney for the debtors*

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CLEVELAND

In re: )  CHAPTER 13
)
    Jeffrey A. Daniel, Sr. )  CASE NO. 10-11122
       and )
    Lynn Daniel, )  Judge: Pat E. Morgenstern-Clarren
)
    Debtors. )
)

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the debtors' Amended Chapter 13 Plan was sent

via ordinary U.S. Mail, or was otherwise served as indicated, this 15th day of March, 2010 to the

following:

Craig Shopneck, Chapter 13 Trustee
(served electronically)

AT&T
c/o Collection Co.
700 Lonwater Dr.
Norwell, MA 02061

AT&T
c/o Enhanced Recovery Corp.
8014 Bayberry Rd.
Jacksonville, FL 32256

Albert Hale
16202 Seville Ave.
Cleveland, OH 44128

Applied Card
P.O. Box 17125
Wilmington, DE 19850-7125

CBCS
P.O. Box 164059
Columbus, OH 43216

City of Cleveland
Dept. of Community Development
601 Lakeside Ave., Ste. 320
Cleveland, OH 44114

City of Cleveland
Division of Water
1201 Lakeside Avenue
Cleveland, OH 44114-1132

Cleveland Auto Liquidation Center
245 Broadway Ave.
Bedford, OH 44146

Clinic Physician Services Co.
P.O. Box 931608
Cleveland, OH 44193

Clinic Regional Physicians
c/o JP Recovery Services, Inc.
PO Box 16749
Rocky River, OH 44116-0749

Direct Loan Physician Business
c/o Prompt Recovery Service
9347 Ravenna Rd., #G
Twinsburg, OH 44087

Dominion East Ohio Gas Co.
c/o Allianceone
1684 Woodlands Dr., Ste. 15
Maumee, OH 43537

EMPI, Inc.
c/o Pinnacle Financial Group
11000 W. 78th St., Ste. 310
Minneapolis, MN 55344

Emergency Prof Svcs. Inc.
P.O. Box 740021
Cincinnati, OH 45274

First Premier - Bankruptcy Dept.
P.O. Box 5524
Sioux Falls, SD 57117-5524

Grand Auto Sales
4120 Broadway
Cleveland, OH 44127

HHRG
PO Box 189053
Fort Lauderdale, FL 33318-9053

HSBC14075
c/o LHR, Inc.
56 Main St.
Hamburg, NY 14075

Illuminating Co.
c/o Contract Callers, Inc.
1058 Claussen Rd., Ste. 110
Augusta, GA 30907

MHS Brentwood
c/o United Collection Bureau, Inc.
5620 Southwyck Blvd.
Toledo, OH 43614

Meridia Medical Group
P.O. Box 901642
Cleveland, OH 44190

Nationwide Insurance
c/o Collection
P.O. Box 9134
Needham Heights, MA 02494

Patient Financial Solutions
PO Box 16877
Rocky River, OH 44116

Progressive Insurance
c/o Collection
P.O. Box 9134
Needham Heights, MA 02494

South Pointe Hospital
P.O. Box 74400
Cleveland, OH 44194-0472

South Pointe Hospital
c/o NCO-Medclr
P.O. Box 8547
Philadelphia, PA 19101

Southside Radiology Assoc.
P.O. Box 385
Lorain, OH 44052

Third Federal Bank
7007 Broadway Ave.
Cleveland, OH 44105

Weltman, Weinberg & Reis Co., LPA
Attn: Benjamin N. Hoen, Esq.
323 W. Lakeside, Second Floor
Cleveland, OH 44113


/s/*Richard H. Nemeth(#009273)*
*Attorney for the debtors*